IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JASHANPREET SINGH                                                           PETITIONER

VERSUS                                          CIVIL ACTION NO. 5:20-cv-50-DCB-MTP

WARDEN SHAWN GILLIS                                                        RESPONDENT

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Jashanpreet Singh's Petition for Writ of Habeas Corpus [1] and Emergency Motion for Temporary Restraining Order [10]. Having carefully considered the parties' submission, the record, and the applicable law, the undersigned recommends that the Motion [10] be denied and the Petition [1] be dismissed.

### BACKGROUND

Petitioner, Jashanpreet Singh, is a citizen of India. Resp. [8], Ex. A at 1. He entered the United States near Calexico, California on March 2, 2019 without being admitted or paroled[1] by an immigration officer. *Id*. He was arrested that same day by the United States Border Patrol. *Id*.

Petitioner was placed in expedited removal proceedings. *Id*. On April 25, 2019, he was granted a credible fear interview with an asylum officer and he was determined to have "negative

---

[1] "The Attorney General may… in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Attorney General, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same matter as that of any other applicant for admission to the United States."  8 U.S.C. § 1182(d)(5)(A).

fear." *Id*. He requested review from an immigration judge, and on August 26, 2019, an immigration judge affirmed the "negative fear" finding. *Id*.

On several occasions thereafter, Petitioner refused to cooperate with ICE in efforts to remove him. For example, he refused to complete travel documents or take a picture, as required by the Indian Consulate. *Id*. at 2. Petitioner eventually complied, and on June 22, 2020, Petitioner was removed to India by an ICE Air Operations charter flight. Resp. [11], Ex. A at 1.

## ANALYSIS

**Petition for Writ of Habeas Corpus**

Petitioner challenges (1) his prolonged immigration detention and (2) his credible fear determination and his expedited removal order. The Respondent opposes the Petition [1] and argues that the Court lacks jurisdiction to review Petitioner's expedited removal order, and that Petitioner's detention was mandated by 8 U.S.C. § 1225(b)(1)(B)(iii)(IV).

To the extent Petitioner challenged his continued detention, such a claim is now moot because he is no longer in custody. *See Ighekpe v. Sourkaris*, 2006 WL 297746, at *2 (N.D. Tex. Jan. 30, 2006) (citing *Odus v. Ashcroft*, 61 F. App'x 121 (5th Cir. 2003)); *Lay v. I.N.S.*, 2002 WL 32494536, at *1 (N.D. Tex. Dec. 17, 2002).

Petitioner also sought to challenge his expedited removal proceedings, which were not favorable to him. He claimed that the expedited removal procedure failed to comport with due process and he was not given a fair opportunity to apply for asylum. Pet. [1] at 2.

In May 2005, Congress passed the REAL ID Act which "amends the jurisdictional provision of the Immigration and Nationality Act, altering the way in which noncitizens can seek judicial review of administrative orders of removal." *Rosales v. Bureau of Immigration &*

*Customs Enforcement*, 426 F.3d 733, 735 (5th Cir. 2005). The Act "divested federal [district] courts of jurisdiction over § 2241 [habeas] petitions attacking removal orders." *Id*. at 736.

The procedure for non-citizens seeking asylum in the United States is controlled by 8 U.S.C. § 1225(b)(1). If an alien who is deemed inadmissible by an immigration officer indicates either an intention to apply for asylum or a fear of persecution, the officer shall refer the alien for an interview by an asylum officer. 8 U.S.C. § 1225(b)(1)(A)(ii). If the asylum officer finds that the alien's fear is not credible, then the alien may seek review by an immigration judge. 8 U.S.C. § 1225(b)(1)(B)(iii)(III).

Judicial review of expedited removal orders is governed by 8 U.S.C. § 1252(e). *See Brumme v. I.N.S.*, 275 F.3d 443, 446 (5th Cir. 2001). Section 1252(e)(2) severely limits judicial review of decisions made under § 1225(b)(1). Section 1252(e)(2) provides:

> **(e)(2)** Judicial review of any determination made under section 1225(b)(1) of this title is available in habeas corpus proceedings, but shall be limited to determinations of—
>
> **(A)** whether the petitioner is an alien,
>
> **(B)** whether the petitioner was ordered removed under such section, and
>
> **(C)** whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, such statute not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General to section 1225(b)(1)(C) of this title.

The reviewing court may determine whether a removal order "was issued and whether it related to the Petitioner. There shall be no review of whether the alien is actually admissible or entitled to any relief from removal." *Solis-de Patino v. Pitts*, 823 F. Supp. 2d 457, 460 (W.D. Tex. Oct. 4, 2011); *see also Brumme*, 275 F.3d at 447-48 (narrowly construing the avenues of review under § 1252(e) to the three instances articulated in the statute).

Petitioner argues that this Court retains jurisdiction to review his Petition because § 1252(e)(2) violates the Suspension Clause of the United States Constitution.  The Suspension Clause requires that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public safety may require it."  U.S. Const. art. I, § 9, cl. 2.  When reviewing a claim that the Suspension Clause has been violated, the Court must ask whether "the statute stripping jurisdiction to issue the writ avoids the Suspension Clause mandate because Congress has provided adequate procedures for habeas corpus." *Boumediene v. Bush*, 553 U.S. 723, 771 (2008).

The United States Supreme Court recently addressed whether the Suspension Clause could be invoked by aliens in expedited removal proceedings to circumvent the statutory framework that precluded habeas review.  *See Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959 (2020).  The Court held that the "Suspension Clause argument fails because it would extend the writ of habeas corpus far beyond its scope 'when the Constitution was ratified.'" *Id*. at 1963 (quoting *Boumediene*, 553 U.S. at 746).  "Habeas has traditionally been a means to secure *release* from unlawful detention, but [Petitioner] invokes the writ to achieve an entirely different end, namely, to obtain additional administrative review of his asylum claim and ultimately to obtain authorization to stay in this country." *Id*. (emphasis in original).  The Court concluded that the Suspension Clause did not require further review of the alien's asylum claim and the "limitations on habeas review [were] constitutional as applied." *Id*. at 1964.

This Court is bound by the Supreme Court's decision that the Suspension Clause is not violated by Section 1252(e)(2).  Because this Court is without jurisdiction to review Petitioner's claim and he does not raise one of the grounds articulated in Section 1252(e)(2), the Petition [1] should be dismissed.

**Emergency Motion for Temporary Restraining Order**

On June 20, 2020, Petitioner filed an Emergency Motion for Temporary Restraining Order, Preliminary Injunction and Stay of Removal [10].  Petitioner sough an order from this Court preventing the Department of Homeland Security from removing him from the country until the merits of his habeas petitioner were addressed.  Petitioner believed that he would be removed from the country within 24-hours of the filing of his motion.

"Injunctive relief is an extraordinary measure and drastic remedy and should only be granted when the movant has clearly carried the burden of persuasion."  *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009) (internal quotations and citation omitted).  In considering whether to issue a stay of removal, a court reviews "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  *Duran-Cruz v. Holder*, 527 F. App'x 308, 310 (5th Cir. 2013) (internal citation and quotation omitted).  The last two factors merge when the Government is the opposing party.  *Nken v. Holder*, 556 U.S. 418, 435 (2009).

The first two factors are the most important.  *Duran-*Cruz, 527 F. App'x at 311. The Petitioner has the burden of demonstrating more than mere possibility of success on the merits.  *Id*.  "A stay may be justified to preserve meaningful review, but a stay is also an 'intrusion into the ordinary process of administration and judicial review' and therefore not to be granted reflexively."  *Id.* at 310-11 (citing *Nken*, 556 U.S. at 427).  "[A]ccordingly, [a stay] 'is not a matter of right, even if irreparable injury might otherwise result….'" *Nken*, 556 U.S. at 427 (quoting *Virginian R. Co. v. United States*, 272 U.S. 658, 672 (1926)).

Petitioner cannot prevail on the merits because this Court lacks jurisdiction to review his Petition, and he, therefore, cannot satisfy the first factor in the stay of removal analysis. Moreover, Petitioner was removed from the country within 48 hours of filing his Motion [10] and the Government submits that the motion is moot. The undersigned recommends that the Motion [10] be denied.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that the Petition for Writ of Habeas Corpus [1] be DISMISSED with prejudice and the Emergency Motion for Temporary Restraining Order [10] be DENIED.

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The district judge at the time may accept, reject, or modify in whole or in part, the recommendations of the magistrate judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 22nd day of July, 2020.

                                          s/ Michael T. Parker
                                          United States Magistrate Judge