IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

JASHANPREET SINGH                                               PETITIONER

v.                           CIVIL ACTION NO. 5:20-cv-50-DCB-MTP

WARDEN SHAWN GILLIS                                             RESPONDENT

<u>ORDER</u>

This matter is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation [ECF No. 12], to which no objections have been filed. Having carefully reviewed the Report and Recommendation, the Court finds it to be well taken and hereby adopts it as the findings and conclusions of this Court. Magistrate Judge Parker finds that, to the extent the Petitioner is challenging his continued detention, his claim is now moot because he is no longer in custody. To the extent that the Petitioner is challenging his expedited removal proceedings, <u>i.e.</u>, that the expedited removal procedure violated his constitutional right to due process and that he was not given a fair opportunity to apply for asylum, his claim also fails.

Judicial review of expedited removal orders is governed by 8 U.S.C. § 1252(e). <u>See</u> <u>Brumme v. I.N.S.</u>, 275 F.3d 443, 446 (5th Cir. 2001). Section 1252(e)(2) severely limits judicial review of decisions made under § 1225(b)(1). Section 1252(e)(2) provides:

> (e)(2) Judicial review of any determination made under section 1225(b)(1) of this title is available in habeas corpus proceedings, but shall be limited to determinations of—
>
> > (A) whether the petitioner is an alien,
>
> > (B) whether the petitioner was ordered removed under such section, and
>
> > (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, such statute not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General to section 1225(b)(1)(C) of this title.

The reviewing court may determine whether a removal order "was issued and whether it related to the Petitioner. There shall be no review of whether the alien is actually admissible or entitled to any relief from removal." Solis-de Patino v. Pitts, 823 F. Supp. 2d 457, 460 (W.D. Tex. Oct. 4, 2011); see also Brumme, 275 F.3d at 447-48 (narrowly construing the avenues of review under § 1252(e) to the three instances articulated in the statute). Furthermore, the Supreme Court recently found Section 1252(e)(2) does not violate the Suspension Clause of the United States Constitution. See Dep't of Homeland Sec. v. Thuraissigiam, 140 S.Ct. 1959 (2020). Therefore, as the petitioner has not raised one of the grounds articulated in

Section 1252(e)(2), this Court is without jurisdiction to review the petition and it must be dismissed.

Accordingly,

IT IS HEREBY ORDERED that the Court ADOPTS Magistrate Judge Michael T. Parker's Report and Recommendation [ECF No. 12];

IT IS FURTHER ORDERED that the Motion to Dismiss [ECF No. 13] is DENIED as MOOT;

A Final Judgment shall be entered of an even date herewith pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this the 21st day of August, 2020.

___/s/ David Bramlette_____
UNITED STATES DISTRICT JUDGE